UNITED STATES DISTRICT COURT
CENTRAL DISTRICT

Randy Cook,
    Plaintiff,

      vs.                                                                        10-3183

Kevin Standley
    Defendant.

MERIT REVIEW ORDER OF DISMISSAL

The plaintiff, Randy Cook, currently incarcerated at Pontiac Correctional Center, brings a lawsuit pursuant to 42 U.S.C. Section 1983 against Kevin Standley, a correctional officer at Logan Correctional Center.

Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty*

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

*Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Discussion

A merit review of the plaintiff's complaint was held on August 17, 2010.  The plaintiff appeared, via telephone conference.  The court has considered statements made by the plaintiff during the conference, his complaint [1] and attachments and grievance and disciplinary documents [8].

First, the court finds the plaintiff has not exhausted administrative remedies for the incidences he complains of in his complaint.  Second, the grievances he submitted to this court are not for the issues he complains about in his complaint.  In the grievances, he complains about staff conduct and a disciplinary ticket that was written by the defendant, Standley.  Plaintiff was found guilty of the disciplinary charges in the ticket – violent assault of any person; impeding or interfering with an investigation and giving false information to an employer.  His punishment included one year revocation of good conduct credit.

In his complaint, Mr. Cook complains that he is in imminent danger.  In his complaint he claims that on March 15, 2010, while incarcerated at Logan Correctional Center, he was taken out of the witness protection unit, known as Special Management Unit.  That same day he was assaulted by a "population" inmate with a shoe while he was being escorted down the gallery.  Plaintiff claims Lt. Standley was deliberately indifferent when he grossly disregarded Plaintiff's safety and security.  He does not allege that Standley was the officer who escorted him when another inmate threw a shoe at him striking him.  The plaintiff did not allege any injuries or that Lt. Standley knew another inmate would assault him with a shoe.  Plaintiff claims he never signed any papers giving up his rights to protection.  The court notes that, in opposition to statements made in his complaint, in his June 15, 2010 grievance, the plaintiff states that he was in the Special Management Unit on May 4, 2010 and at the time he wrote the grievance (at Pontiac), he clearly states that he wanted to be released from segregation.

Further, Plaintiff claims that on June 11, 2010, while in segregation at Pontiac Correctional he was assaulted with feces by "population" inmates.  The plaintiff claims this occurred while being escorted by a correctional officer.  Plaintiff also claims imminent danger exists because he is testifying against a high ranking member of the Gangster Disciples.  Plaintiff

2

claims he is continuously assaulted with spit and feces by "population" inmates when he is escorted down the gallery by correctional officers, when going to chow, medical visits, etc.

The court finds the plaintiff is not in imminent danger and therefore, his petition to proceed in forma pauperis [2] is denied. Having feces and spit thrown on you as you walk down the gallery under the escort of correctional officers does not qualify as imminent danger within the meaning of the statute. Getting hit by a shoe is not imminent danger; further, it happened once and it happened at an institution where the plaintiff is no longer incarcerated. 42 U.S.C. Section 1997(e) requires that the danger be of 'serious physical injury'. . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). As to his claim that imminent danger exists because he is testifying against a high ranking member of the Gangster Disciples, the plaintiff has not exhausted administrative remedies for that claim.

Apparently Mr. Cook did not play baseball when he was a lad. He does not seem to understand the rule – three strikes and you are out. This plaintiff has struck out and he is well aware of that for he admits it in his complaint, but claims he is in imminent danger. See cases 01-cv-1705, 01-cv-1751 where the Honorable Milton I. Shadur, NDIL, assessed strikes against the plaintiff for filing cases prematurely (prior to exhaustion) and 02-cv-2874 where Judge Shadur advised the plaintiff he could not proceed in forma pauperis in any future cases, unless he was in imminent danger. This court assessed a strike in plaintiff's case number 08cv-2048 for failure to state a claim. Plaintiff is well aware that he has had three previous lawsuits dismissed for the reasons stated in 28 U.S.C. § 1915(g). His frequent filer status means he cannot proceed in forma pauperis in a new civil suit unless he is "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception. *Id. See also Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1024 (7th Cir.1996); *Lewis v. Sullivan,* 279 F.3d 526, 527 (7th Cir.2002).

As this plaintiff is aware that he cannot proceed in forma pauperis and based on his litigation history, it is clear that he is aware that he filed this lawsuit prematurely and furthermore as the allegations in his complaint have nothing to do with the defendant, Standley, the court finds this lawsuit is frivolous and vindictive. 730 ILCS 5/3-6-3(d) provides that "[i]f a lawsuit is filed by a prisoner in an Illinois or federal court against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of good conduct credit by bringing charges against the prisoner sought to be deprived of the good conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3-3-2 of this Code. If the prisoner has not accumulated 180 days of good conduct credit at the time of the finding, then the Prisoner Review Board may revoke all good conduct credit accumulated by the prisoner.

The plaintiff is advised a *Mack* order will be next if he insists on filing lawsuits that do not show he is in imminent physical danger and files a petition to proceed in forma pauperis.

3

"A prisoner who becomes ineligible under § 1915(g) to continue litigating in forma pauperis, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997). *See also Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam). *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Mr. Cook must take notice that continuing to file law suits against correctional personnel just to vent his feelings about being in prison will result in a *Mack* order.

It is ordered:

1. As he is not in imminent danger, pursuant to 28 U.S.C. § 1915(g), the plaintiff's petition to proceed in forma pauperis[2] is denied.
2. The plaintiff's complaint is dismissed for failure to pay the filing fee of $350.00 in full and the reasons, supra. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1).
3. The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect, when funds exist, the filing fee of $350.00 from the plaintiff's trust fund account and pay it directly to the clerk of court. If the full amount is not available, the trust fund officer is directed to pay whatever amount is in his trust fund account until the $350.00 in paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.
4. The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
5. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.
6. The clerk of the court is directed to mail a copy of this order to Assistant Illinois Attorney General, Chris Higgerson.

Enter this 26th day of August 2010.

                          \s\**Harold A. Baker**
                    _____
                              Harold A. Baker
                          United States District Court